UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| LARRY RUSSELL, | ) |
|---|---|
| Plaintiff, | ) |
| | ) 09 C 6759 |
| v. | ) |
| | ) Judge George M. Marovich |
| CUELLAR, BROADWAY, and BRYCE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Russell ("Russell") has claims pending against defendants Cuellar (corrections officer number 8318), Broadway (corrections officer number 1066) and Bryce (a corrections officer). Plaintiff seeks relief under § 1983 and alleges that defendants used excessive force against him. Defendants move for summary judgment. For the reasons set forth below, the Court grants the motion.

**I.   Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. Asserted "facts" not supported by deposition testimony,

documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts are undisputed.

In September 2009, plaintiff Russell was a pre-trial detainee at the Cook County Jail. The Cook County Jail did not provide Russell a copy of the relevant grievance procedures.

Nonetheless, on September 3, 2009, Russell filed a grievance. In the grievance, Russell described events that occurred two days earlier, on September 1, 2009. On that day, Russell believed he had been unfairly denied an hour outside of his cell. In his grievance, Russell wrote:

> So about a hour later my cellie came back from court maybe around 1:30 or maybe 1:45. that when the [correctional officer] came back to my cell to let my cellie in the cell. So, I ask him about my hour and where are a Sgt. That's when he told me to get from in front of the door. So, I ask him one more time could he call me a Sgt or a Lt. That when he hit me in my face and then ran in the cell on me [and] continued hitting me in my face and head.

Russell Grievance at 2. In his grievance, Russell also stated that he had to be taken to an outside hospital in order to get stitches.

One month later, on October 8, 2009, Russell received a response to his grievance. The top half of the response form contained space for the response of the Cook County Department of Corrections to Russell's grievance. In the top half of the response form, the investigator stated that the "officer acted in self defense. Inmate was charged by Sheriff Police Aggravated Battery to Staff." (Russell Grievance Response.) The bottom half of the response form was labeled "Request for Appeal" and contained space in which a detainee could request an appeal. The response form stated, "APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE." The same form also includes space for the Appeal Board's response to an appeal.

On the same day (October 8, 2009) that he received the response to his grievance, Russell requested an appeal. As the basis for his appeal, Russell stated, "I'm not satisfied with my response. I need to talk with OPR, because they beat me and send me to the hospital."

Less than three weeks later, on October 26, 2009, Russell brought suit in this court, by filing with the court a proposed complaint and a petition to proceed *in forma pauperis*. Before he filed suit, Russell asked people at the jail about the status of his grievance. A lady told him it could not be located. He asked a captain what he should do, but the captain did not know. Russell, thinking he was getting the "run around," filed suit.

Russell filed his suit before he received a response from the Appeal Board. On December 8, 2009, the Appeal Board provided Russell its response to his appeal. The response stated, "Original response to stand. Detainee may directly contact the OPR via request or letter."

## II.    Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

### III. Discussion

Defendants argue that they are entitled to summary judgment on plaintiff's § 1983 claim, because plaintiff failed to exhaust his administrative remedies *before* filing suit. Failure to exhaust is an affirmative defense, so defendants have the burden of proof. *Obriecht v. Raimisch*, 517 F.3d 489, 492 (7th Cir. 2007).

Congress passed the Prison Litigation Reform Act of 1995 "in the wake of a sharp rise in prisoner litigation in federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). That statute says, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 548 U.S. at 85. To exhaust, a detainee "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, plaintiff went through most of the necessary exhaustion process: he filed a grievance and, when he did not like the response, he filed an appeal. What Russell did not do was wait for a response to his appeal before filing suit. Russell waited less than three weeks between the time he filed his appeal and the time he filed this lawsuit.

Russell's quick leap to the courthouse while his appeal was still pending constitutes a failure to exhaust his administrative remedies. A detainee must allow the administrative process to run its course *before* filing the suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the

plaintiff exhausts his administrative remedies while the litigation is pending."). In *Ford*, the Seventh Circuit explained:

> Rules of the form 'negotiate now, litigate later' or 'administrative remedies first, litigation second' reflect a belief that postponing suits induces people to concentrate their attention on negotiation or alternative dispute resolution, so that some fraction of the time parties will not need to litigate at all. Once litigation commences, however, that casts a pall over negotiations or the administrative process, because it commits both resources and mental energies to court. Some persons are bound to do exactly what Ford did--to declare that the administrative process is irrelevant once suit begins. To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.

*Ford*, 362 F.3d at 399. Thus, in *Ford*, the Seventh Circuit concluded that, where a plaintiff files his federal lawsuit before receiving a response to his administrative appeal, the federal suit must be dismissed without prejudice for failure to exhaust his administrative remedies.

Just so, here. Russell filed this suit before he received a response to his appeal. He brought suit in federal court less than three weeks after he filed his appeal, without waiting for a response. Russell received the Appeal Board's response on December 8, 2009 (roughly two months after he filed his appeal). Although the Appeal Board rejected the grievance, they told him he could contact OPR, which is what Russell had requested in his appeal.

Russell argues that he should be excused from the exhaustion requirements, because the Cook County Jail never gave him a copy of the grievance procedures. The Court fails to see how that is relevant in a case where the plaintiff actually filed a grievance and an appeal. The problem is not that Russell did not know how to file a grievance or an appeal. The problem is that he did not want to wait for a response. To this point, Russell argues that he asked people about his grievance, and a lady told him it could not be located. A captain told Russell he did not know what to do in the event of a lost grievance. Russell argues that his case is like *Dole v.*

*Chandler*, 438 F.3d 804 (7th Cir. 2006), where the Seventh Circuit stated "prison authorities may not employ their own mistake to shield them from possible liability." *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006). In *Dole*, it was undisputed that the plaintiff had filed a grievance and that the defendant had lost it. When the plaintiff did not get a response to his grievance, he wrote a letter, at which point the grievance board told him (by letter) that it had not received it. By then, it was too late to file a grievance, and the grievance board did not tell the plaintiff the process by which he could still file a grievance. This case is not like *Dole*. Here, jail authorities are not taking advantage of their own error; they did not make one. Russell made the error when he filed suit too soon. The mere fact that one jail employee told Russell his grievance could not be located and that another did not know what Russell should do does not excuse his failure to exhaust. Not every jail employee will know the status of every grievance, so finding one who is ignorant cannot be enough to excuse exhaustion. The case might be different if, after waiting several months, Russell had made a written request to learn the status of his appeal and the Appeal Board had told him in writing that it was lost or if the Appeal Board still had not responded as the deadline under the statute of limitations approached. None of this happened. Instead, Russell filed suit less than three weeks after he filed his appeal. That is too soon under the statute.

Because there are no material disputes of fact and defendant is entitled to judgment as a matter of law, the Court grants defendants' motion for summary judgment.

**IV.** **Conclusion**

For the reasons set forth above, the Court grants the defendants' motion for summary judgment. Case dismissed without prejudice.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: May 5, 2014